No. 4672.

(Court of Appeal, Parish of Orleans.)

# B. ROSENBERG & SONS VS. C. C. CORDILL AND W. G. TEBAULT.

1. The domicile of origin is presumed to continue, and a change of domicile from one parish to another is produced by the act of residing in another parish, combined with the intention of making one's principal establishment there.
2. The fact and the intention must concur, and the burden of proof is on the party who alleges a change of domicile.

Appeal from the Civil District Court, Division "D."

Chas. Rosen, for Plaintiff and Appellant.

G. H. Terriberry, P. H. Mentz, for Defendant and Appellees.

DUFOUR, J.   Cordill, one of the defendants herein, having been sued in this Parish, filed an exception to the effect that he was domiciled in the Parish of Tensas.

This appeal is from a judgment sustaining the exception and dismissing the plaintiff's demand as in case of non-suit.

The evidence is conclusive that Cordill was born in Mississippi, but that he has resided in Tensas Parish for the past sixty years, has always voted there and has held the various offices of police juror, parish judge, school director, and that he has, from 1878 to the present day, continuously represented the Parish of Tensas in the State Senate.

Though he remains in this city for several months in the year, he has retained his home in Tensas and has never expressed or recorded any intention of surrendering his domicile. R. C. C., Art. 42.

The only testimony offered in rebuttal consists of a lease signed by Cordill in which it is stated that he is "of New Orleans"; Cordill and Kernaghan, the real estate agent, both say that those words were inserted through an oversight.

The domicile of origin is presumed to continue and a change of domicile from one parish to another is produced by the act of residing in another parish, combined with the intention of making one's principal establishment there. R. C. C. 41.

The fact and the intention must concur, and the burden of

proof is on the party who alleges a change of domicile.

The record satisfies us that the defendant is not domiciled in New Orleans, and that the exception was properly sustained.

Judgment affirmed.